UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KELLY GRAVEN and ELIZABETH BRIGGS,
Individually and as parents of DGB, an infant,

                          Plaintiffs,                       3:14-CV-0342
                                                                  (GTS/DEP)
v.

CHILDREN'S HOME, R.T.F., INC. a/k/a Stillwater
R.T.F. a/k/a Stillwater Residential Treatment Center;
JANEE P. VALENZUELA, Executive Director,
Stillwater R.T.F.; JOHN AND JANE DOES,
employees and staff of Stillwater R.T.F.; and
KRISTEN BURGHARDT, Licensed Clinical Social
Worker, Stillwater R.T.F.,

                          Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

LAW OFFICE OF RONALD R. BENJAMIN        RONALD R. BENJAMIN, ESQ.
  Counsel for Plaintiffs
P.O. Box 607
Binghamton, NY 13902-0607

MACKENZIE HUGHES LLP                   STEPHEN T. HELMER, ESQ.
  Counsel for Defendants                          JENNIFER PLOETZ WILLIAMS, ESQ.
101 South Salina Street
PO Box 4967
Syracuse, NY 13221-4967

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this civil rights action filed by Kelly Graven and Elizabeth

Briggs on behalf of the infant DGB ("Plaintiffs") against Stillwater Residential Treatment Center

and certain of its employees ("Defendants"), are Plaintiffs' motion for voluntarily dismissal of

their federal claims pursuant to Fed. R. Civ. P. 41(a)(2), and Defendant Stillwater's cross-motion

for judgment on the pleadings with regard to Plaintiffs' state claims pursuant to Fed. R. Civ. P. 12(c). (Dkt. Nos. 23, 30.) For the reasons set forth below, both motions are granted in part and denied in part.

I.     RELEVANT BACKGROUND

Liberally construed, Plaintiffs' Complaint asserts the following five claims: (1) a claim of negligence under state law; (2) a claim of gross negligence under state law; (3) a claim of interference with the right to an Individualized Education Plan ("IEP) or Free Access to Public Education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; (4) a substantive due process claim under the Fourteenth Amendment and 42 U.S.C. § 1983; and (5) a procedural due process claim under the Fourteenth Amendment and 42 U.S.C. § 1983. (Dkt. No. 1, Attach. 1 [Plfs.' Compl.].)

Generally, in their motion for voluntarily dismissal of their three federal claims pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiffs request an Order (1) granting them leave to voluntarily dismiss those federal claims (on the ground that they request relief that is redundant of the relief requested by their "overlapping" state claims), (2) declining to exercise supplement jurisdiction over their remaining two state claims (of negligence and gross negligence), and (3) remanding those state claims to state court. (Dkt. No. 23, Attach. 3 [Plfs.' Memo. of Law].)

Generally, in its response to Plaintiffs' motion and cross-motion to dismiss Plaintiffs' two state claims (and/or strike certain allegations) pursuant to Fed. R. Civ. P. 12(c), Defendant Stillwater asserts two arguments. (Dkt. No. 30, Attach. 7 [Def. Stillwater's Opp'n Memo. of Law].) First, argues Defendant Stillwater, as an initial matter, Defendant Stillwater does not oppose Plaintiffs' request to dismiss their three federal claims. (*Id.*) Second, argues Defendant

Stillwater, however, rather than remand Plaintiffs' remaining two state claims, the Court should exercise supplemental jurisdiction over those claims and dismiss them with prejudice on each of four alternative grounds: (a) to the extent that Plaintiffs' allegations relate to the development and implementation of the IEP or FAPE, they relate to an alleged violation of the IDEA, and allegations that give rise to an IDEA claim cannot also give rise to claim of negligence or gross negligence;[1] (b) in any event, the state claims are barred by the doctrine of collateral estoppel, because New York State Supreme Court Justice Kevin M. Dowd's Decision and Order of July 3, 2014, was a final determination on the merits (of the issues of whether Defendant Stillwater's discharge of DGB was appropriate and therefore not negligent, and whether DGB suffered from Reactive Attachment Disorder or "RAD"), and Plaintiffs had a full and fair opportunity to contest that decision; (c) in any event, under New York law, Plaintiffs (who are DGB's parents) cannot maintain a claim for emotional injuries allegedly caused by negligence and gross negligence of Defendant Stillwater (under either a bystander theory or the direct-duty theory); and (d) in any event, Plaintiffs' claim for gross negligence should be dismissed because they have not alleged facts plausibly suggesting that Defendant Stillwater's conduct evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing.

Generally, in reply, Plaintiffs assert two arguments. (Dkt. No. 32 [Plfs.' Reply Memo. of Law].) First, argue Plaintiffs, as an initial matter, the Court should grant Plaintiffs' request to voluntarily dismiss their three federal claims because Defendant Stillwater does not oppose that

---

[1] Defendant Stillwater also argues that, another reason Plaintiffs' IDEA claim against it should be dismissed with prejudice is that the IDEA does not create a cause of action against non-profit corporations or private citizens, and Plaintiffs allege facts plausibly suggesting that Stillwater is a non-profit corporation (and its employees private citizens). (Dkt. No. 30, Attach. 7, at 11-12 [attaching pages "6" and "7" of Def. Stillwater's Opp'n Memo. of Law].)

request. (*Id.*) Second, argue Plaintiffs, their remaining two state claims should not be dismissed because (a) Plaintiffs have alleged facts plausibly suggesting a claim for negligence and/or gross negligence, regardless of their allegations giving rise to a violation of the IDEA (because the failure to integrate experiences at school with those at the facility may well constitute negligence, independent of any obligations under the IDEA); (b) under the circumstances, the doctrine of collateral estoppel does not apply because Defendant Stillwater has not articulated an identity of issues, and in any event Plaintiffs did not have a full and fair opportunity to be heard on those issues; (c) Defendant Stillwater's emotional-injuries argument fails because, by applying the factual allegations of the Complaint to the bystander and direct-duty theories of liability, Stillwater is attempting to adjudicate the facts, which is not appropriate on a motion for judgment on the pleadings; and (d) Defendant Stillwater's emotional-injuries argument fails because the Complaint's factual allegations do evince a reckless disregard for the rights of others or smacks of intentional wrongdoing, for example, the allegation that Stillwater deliberately drove a wedge between DGB and his parents by telling him the only reason he could not go home was because his parents object to him coming home. (*Id.*)

## II. GOVERNING LEGAL STANDARDS

Because the parties have (in their memoranda of law) demonstrated an adequate understanding of the legal standards governing their cross-motions, Plaintiffs' claims and the doctrine and theories asserted by Defendant Stillwater, the Court will not recite those legal standards in this Decision and Order, which is intended primarily for the review of the parties.

## III.　ANALYSIS

After carefully considering the matter, the Court grants Plaintiffs' motion for voluntarily dismissal of their three federal claims for the reasons stated in their memoranda of law. (*See, supra,* Part I of this Decision and Order.) However, the Court finds that the only terms under which such dismissal would be proper, for purposes of Fed. R. Civ. P. 41(a)(2), would be if the dismissal were with prejudice. In reaching this conclusion, the Court relies on both (1) the defect in Plaintiff's IDEA claim identified by Defendant Stillwater in its opposition memorandum of law, and (2) the need to avoid the vexatious reassertion of the federal claims in state court (and re-removal of the case to this Court). As a result, Plaintiffs' three federal claims are dismissed with prejudice.

Finally, regarding whether the Court should exercise its discretion to continue to entertain, and decide the pleading sufficiency of, Plaintiffs' remaining two state claims, the Court declines to do so under the circumstances under 28 U.S.C. § 1367(c)(3), and remands the state claims to state court, which is more familiar with the legal issues identified by the parties.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for voluntarily dismissal pursuant to Fed. R. Civ. P. 41(a)(2) (Dkt. No. 23) is **GRANTED in part** (to the extent it requests the dismissal of Plaintiffs' federal claims, and the remanding of their state claims) and **DENIED in part** (to the extent it requests that the dismissal of Plaintiffs' federal claims be *without* prejudice); and it is further

**ORDERED** that Defendants' cross-motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (Dkt. No. 30) is **GRANTED in part** (to the extent it requests that the dismissal of Plaintiffs' federal claims be with prejudice) and **DENIED in part** (to the extent it requests that the Court also dismiss Plaintiffs' state claims with prejudice); and it is further

**ORDERED** that Plaintiffs' federal claims (Dkt. No. 1, Attach. 1) are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiffs' state claims (Dkt. No. 1, Attach. 1) are **REMANDED** to New York State Supreme Court, Chenango County, pursuant to 28 U.S.C. §1447(c).

Dated: March 30, 2015
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge